Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.191.192.51,<br><br>　　　　　　Defendant. | Case No. 3:18-cv-14330-AET-TJB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

[Remainder of page intentionally left blank]

i

# **TABLE OF AUTHORITIES**

**Cases**

*Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ................................... 5

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2dCir. 2010) ....................................... 3

*Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009) ...................... 4

*BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108 (M.D.N.C. July 24, 2009) ........................................................................................................................ 3

*Century Media Ltd v. John Does 1-77*, 2013 WL 868230 (D.N.J. 2013) ............. 7, 9

*Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ....................................................... 4

*Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ............................................. 4

*Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886 (E.D.N.C. Dec. 4, 2008) 3, 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ............. 5

*First Time Videos v. Does 1-500,* 276 F.R.D. 241, 247(N.D. Ill. 2011) ................. 10

*Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007) ............................................. 4

*Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998) ........................................................ 4

*Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) .................................................. 4

*Malibu Media LLC v. John Does 1-12,* 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ................................................................................................................... 8

*Malibu Media LLC v. John Does 1–15,* 2012 WL 3089383 (E.D. Pa. 2012) ........... 8

*Malibu Media v. John Doe*, Case No. 2:14-cv-05238-WJM-MF (D.N.J. Sept. 5, 2014) ........................................................................................................................ 3

*Malibu Media v. John Doe*, Case No. 3:14-cv-03864-MAS-DEA (D.N.J. Sept 8, 2014) ........................................................................................................................ 3

*Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) ........................................................................................................................ 6

*Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927 (D.N.J. 2013) .......... 5, 8

*Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383 (E.D. Pa 2012) ......... 10

*Malibu Media, LLC v. John Does 1-18*, 2012 WL 8264665 ................................. 3, 9

*Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295 (D.N.J. 2014) .............. 10

*Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 (D.N.J. 2012) ..... 10

*Modern Woman LLC v. Does I-X*, 2013 WL 888603 (D.N.J. 2013) ..................... 3, 7

*Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) .................................................. 4

*Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ............................ 4

*Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ................................................................................................6
*Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) .........9
*Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111883 (E.D.N.C. Dec 4, 2008) ..................................................................................3
*Young v. Transp. Deputy Sheriff I*, 340 Fed.Appx. 368 (9th Cir. 2009) ...................4

[Remainder of page intentionally left blank]

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum in support of its Motion for Leave to serve a third party subpoena prior to a rule 26(f) conference.

### I. INTRODUCTION

Plaintiff, Malibu Media, (d/b/a "X-art.com") operates a popular subscription based website.[1] Plaintiff creates its own content which is being infringed on a massive scale. The John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works. Accordingly, Plaintiff seeks leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Optimum Online, (hereafter "ISP") so that Plaintiff may learn Defendant's true identity. Plaintiff is suing Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit direct copyright infringement.

Because Defendant used the Internet to commit this infringement, Plaintiff only knows Defendant by his Internet Protocol ("IP") address. Defendant's IP address was assigned to the Defendant by his respective Internet Service Provider

---

[1] *See* Declaration of Colette Pelissier, attached hereto as Exhibit "A."

1

("ISP"). Accordingly, the ISP can use the IP address to identify the Defendant.[2] Indeed, ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, ISPs may maintain these logs for only a short period of time.[3]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the Defendant's ISP. This subpoena will demand the true name and address of the Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights.

## II.   ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a

---

[2]*See* Declaration of Patrick Paige, attached hereto as Exhibit "B."
[3]Statement of Jason Weinstein, Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives**,** (January 2011) at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

2

prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Modern Woman LLC v. Does I-X*, 2013 WL 888603, at *2 (D.N.J. 2013) ("Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test."); *Malibu Media, LLC v. John Does, 1-18*, 2012 WL 8264665, at *5-6 (E.D. Pa. 2012) (adopting the five factor test established in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010)); *Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886, at *4 (E.D.N.C. 2008) (same); *Warner Bros. Records, Inc. v. Doe*, 2008 WL 5111883, at *4 (E.D.N.C. 2008) (same); *BMG Music v. Doe # 4*, 2009 WL 2244108, at *3 (M.D.N.C. 2009) (same).

Additionally, courts in the District of New Jersey have specifically applied the "good cause" test in similar cases and granted Plaintiff's request to serve a Rule 45 subpoena on a defendant's ISP. *See Malibu Media v. John Doe*, Case No. 2:14-cv-05238-WJM-MF, CM/ECF 6, at *4 (D.N.J. Sept. 5, 2014); *Malibu Media v. John Doe*, Case No. 2:14-cv-05253-WJM-MF, at *4 (D.N.J. Sept 5, 2014); *Malibu Media v. John Doe*, Case No. 3:14-cv-03864-MAS-DEA, at *6 (D.N.J.

Sept 8, 2014). Here, Plaintiff seeks identical information and easily satisfies all of these requirements. Accordingly, this Court should grant the Motion.

### A. Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, according to the Third Circuit, the "[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified." *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009). *See also Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."). *Accord Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998); *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Young v. Transp. Deputy Sheriff I*, 340 Fed. Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed. Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

### B. Good Cause Exists to Grant the Motion

### 1. **Plaintiff Has a Prima Facie Claim for Copyright Infringement**

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff satisfied the first good cause factor by properly pleading a cause of action for copyright infringement:

> 30. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.
>
> 31. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.
>
> 32. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

Complaint, at ¶¶ 30-32. *See* 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *7 (D.N.J. 2013) ("At this stage in the litigation, plaintiff has sufficiently asserted the right to pursue its claims of infringement . . . ." ); *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *7 (E.D. Pa. 2012) ("[T]he complaint makes a prima

facie claim of copyright infringement . . . .'").

Further, Plaintiff's *prima facie* allegations of infringement are attested to by Plaintiff's investigator, IPP International UG employee, Tobias Fieser. *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Declaration"), at ¶¶ 14–16, attached hereto as Exhibit "C." And, each digital file, as identified by a unique cryptographic file hash value, has been verified to be a copy or contain copies of one of Plaintiff's copyrighted works.

Lastly, during the first ever BitTorrent copyright lawsuit to reach trial, Judge Baylson concluded Plaintiff's technology was valid. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) ("I concluded that Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid."). Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

### 2. **Plaintiff Has Clearly Identified Specific Information It Seeks Through Discovery**

Plaintiff seeks to discover from the Defendant's ISP the true name and address of the Defendant. This is all specific information in the possession of Defendant's ISP that will enable Plaintiff to serve process on Defendant. Because

the requested discovery is limited and specific, Plaintiff has satisfied the second good cause factor. *See Century Media Ltd v. John Does 1-77*, 2013 WL 868230, at \*4 (D.N.J. 2013) (allowing plaintiff to serve a subpoena on defendant's ISP, so long as the request was limited to the defendant's name and address); *Modern Woman, LLC v. Does I-X*, 2013 WL 888603, at \*5 (D.N.J. 2013) (same). Here, Plaintiff seeks identical information, and thus, has sufficiently tailored its request to satisfy the second good cause factor.

### 3. No Alternative Means Exist to Obtain Defendant's True Identity

Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity because "records are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense." *See* Statement of Jason Weinstein, *supra*, note 3. Indeed, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." *See* Declaration of Patrick Paige, at ¶ 15 (Exhibit B). Because there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it, Plaintiff has established the third

7

good cause factor. *See Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *6 (D.N.J. 2013) (finding subscriber information discoverable "where there is no other way to identify the proper defendants and proceed with the claims against them.") (quoting *Malibu Media LLC v. John Does 1–15,* 2012 WL 3089383, at *10 (E.D. Pa. 2012); *Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886, at *4 (E.D.N.C. 2008) (finding that the feasibility of a suggested alternative method of determining defendants' identities by hiring a private investigator to observe downloading "is questionable at best"); *Malibu Media LLC v. John Does 1-12,* 2012 WL 5928528, at *2 (C.D. Ill. 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy.").

### 4. **Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claims**

Obviously, without learning the Defendant's true identity, Plaintiff will not be able to serve the Defendant with process and proceed with this case. Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities weigh heavily in favor of preserving Plaintiff's rights. Because identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. *Century*

8

*Media, Ltd. v. John Does 1-77*, 2013 WL 868230, at *4 (D.N.J. 2013) ("[T]he Court recognizes that Plaintiff, as the alleged owner of a copyright work, should not be left without the ability to ascertain the identity of those individuals who are allegedly infringing its copyright by illegal distribution."); *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004)*; Malibu Media, LLC v. John Does 1-18*, 2012 WL 8264665, at *6 (E.D. Pa 2012) ("Here, the subpoenaed information is highly critical because its absence prevents the Plaintiff from serving process on the defendants and proceeding with the litigation.").

### 5. Plaintiff's Interest in Knowing Defendant's True Identity Outweighs Defendant's Interest in Remaining Anonymous

Plaintiff has a strong legitimate interest in protecting its copyrights. Defendant is a copyright infringer with no legitimate expectation of privacy in the subscriber information he provided to his ISP, much less in distributing the copyrighted work in question without permission. *See Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697, at *4 (D.N.J. 2012) ("[C]ourts have consistently held that "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information.") (quoting *First Time Videos v. Does 1- 500,* 276 F.R.D. 241, 247 (N.D. Ill. 2011)). "This is because '[I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address, and phone number to their [I]nternet [S]ervice [P]rovider.'" *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *7 (D.N.J. 2014) (quoting

9

*Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *8 (E.D. Pa. 2012)). Because Defendant does not have a legitimate interest in remaining anonymous, and Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the fifth good cause factor.

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to the ISP.

Respectfully submitted,

By:   /s/ *Patrick J. Cerillo*
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*